**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio RAMOS–OSEGUERA, a.k.a.**
**Jesse, Defendant–Appellant.**

No. 05–15632.

United States Court of Appeals,
Ninth Circuit.

Argued April 4, 2006.

Resubmitted Jan. 5, 2009.

Filed Feb. 10, 2009.

Lewis A. Davis, USO–Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Richard B. Mazer, Law Offices of Richard B. Mazer, San Francisco, CA, for Defendant–Appellant.

Before NOONAN, and SILER,* and BYBEE, Circuit Judges.

MEMORANDUM **

Petitioner Julio Cesar Ramos–Oseguera appeals the district court's denial of his motion to vacate, set aside, or correct a judgment and sentence under 28 U.S.C. § 2255. The parties are familiar with the facts and procedural history of this case and we do not repeat them here. Ramos–Oseguera argues that the admission of his wife's prior testimonial statements violated his Sixth Amendment Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). For the reasons set forth below, we affirm.

For habeas claims based on new constitutional rules of criminal procedure that are announced after the conclusion of a petitioner's direct appeal, a federal court can only grant relief under 28 U.S.C. § 2255 if the new rule applies retroactively under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See United States v. Sanchez–Cervantes*, 282 F.3d 664, 667–68 (9th Cir.2002) (holding that the *Teague* analysis applies to petitions under 28 U.S.C. § 2255). Ramos–Oseguera relies on the new rule enumerated in *Crawford*—which was decided after

the conclusion of his direct appeal—as the legal basis for his current petition.

However, in *Whorton v. Bockting*, 549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007), the Supreme Court held that *Crawford* "does not fall within the *Teague* exception for watershed rules," and therefore does not apply retroactively. *Id.* at 1184. Because *Crawford* does not have a retroactive effect, Ramos–Oseguera cannot take advantage of the *Crawford* rule for purposes of this federal habeas petition, and he has no legal basis supporting his claims of a constitutional violation.

Accordingly, we AFFIRM the district court's judgment.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.